Charles H. BROWNING, Petitioner,

v.

William D. SALISBURY, Supt.,
Respondent.

Civ. A. No. 70-269.

United States District Court,
S. D. Ohio, E. D.

April 20, 1971.

No appearance for petitioner.

Paul Brown, Atty. Gen. of Ohio, and James L. Hoover, Asst. Atty. Gen. of Ohio, for respondent.

## ORDER

KINNEARY, District Judge.

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under the provisions of Title 28, United States Code, Section 2241(c) (3).

This matter is before the Court on the petition and return of writ. The Court also has before it a transcript of petitioner's trial. Factual issues are not in dispute. Consequently, an evidentiary hearing is not required under the criteria of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Petitioner has exhausted his state court remedies as required by Title 28, United States Code, Section 2254.

Petitioner is presently serving a life sentence for the crime of second degree murder. A jury found him guilty on February 15, 1968.

Petitioner bases his claim for relief on six allegations:

1. That he was denied access to the police investigation report.

2. That the affidavit charging the crime was signed by a police officer not an actual witness to the crime.

3. That the trial court, sua sponte, failed to remove a juror who admitted knowing the police officer who signed the affidavit charging the crime.

4. That he had a right to counsel at a pretrial identification confrontation with a witness to the crime.

5. That the prosecution had a duty which it did not carry out to se-

cure the presence of key eye-witnesses at the trial; and

6. The verdict was against the manifest weight of the evidence.

The Court considers only petitioner's fourth allegation and on the basis of that allegation determines that petitioner is entitled to relief.

Petitioner was arrested on August 21, 1967. On that date, at about 7:00 p. m., Officer James Watson and Officer Waller of the Columbus, Ohio Police Department went to petitioner's home and asked petitioner to go down to police headquarters. Officer Watson merely told the petitioner that "we had a few problems we'd like to get straightened out" (R. 21). He did not tell the petitioner why he was there. Petitioner was not arrested at this point. Nor was there a warrant out for his arrest. Petitioner willingly drove down to the police station in compliance with the officers' request.

During the time that petitioner was at the police station he was viewed through a one-way mirror by three individuals who later testified at trial. These witnesses testified that (1) they had identified petitioner at the police station as the murderer and (2) they recognized the defendant in the courtroom as the murderer.

There is no doubt this identification procedure violated the mandate of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The identification in this case occurred on August 21, 1967. The Wade and Gilbert decisions were effective as of June 12, 1967.

Petitioner did not have counsel present during this visit to the police station. Moreover, it cannot be contended that petitioner waived this right. Petitioner did not even know the true reason for his being at the police station (R. 33), and the record does not disclose whether petitioner was given the Miranda warnings.

While the identification of the petitioner occurred prior to the filing of the charges against the petitioner, this fact does not render this identification stage any less "critical." While the Wade and Gilbert cases, supra, involved post-indictment identification procedures, there is no reason why different rules should apply to a pre-indictment identification. See, United States v. Phillips, 427 F.2d 1035 (9th Cir. 1970); United States v. Broadhead, 413 F.2d 1351 (7th Cir. 1969); Rivers v. United States, 400 F. 2d 935 (5th Cir. 1968).

Having determined that there was a clear violation of the principles of Wade and Gilbert, the question remains as to the relief to be granted.

■ With respect to testimony related to identification at the police station, this testimony should have been per se excluded. On remand the state court may consider whether or not the admission of this testimony was harmless error. Gilbert v. California, supra.

■ With respect to the in-court identification, the question for the state on remand is whether or not the in-court identification was arrived at independently of the illegal identification procedure. United States v. Wade, supra; Rivers v. United States, supra. In this regard the state court should consider such matters as the manner in which the initial pretrial identification by photographs was conducted, Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); any discrepancies between the initial description which the witnesses gave to the police and the characteristics of the petitioner; the opportunity which the witnesses had to observe the murderer, and so on.

Petitioner is entitled to a new trial unless the trial court can satisfy itself that the testimony concerning the police station identification was harmless beyond a reasonable doubt and that the in-court identification was either harmless error or was arrived at independently of the illegal confrontation.

Whereupon, the Court determines that the petition is meritorious and it is therefore granted.

Accordingly it is ordered that the petitioner be, and he hereby is, remanded to the Common Pleas Court of Franklin County, Ohio, for such proceedings, not inconsistent with this opinion, as may be deemed necessary and proper in accordance with the law.

It is further ordered that if no action is taken by the State of Ohio or Franklin County within thirty (30) days after the filing of this order, petitioner's release shall be final and unconditional.